MARK G. TRATOS, ESQ.
NEVADA BAR NO. 1086
tratosm@gtlaw.com
LAURI S. THOMPSON, ESQ.
Nevada Bar No. 6846
thompsonl@gtlaw.com
LARAINE BURRELL, ESQ.
Nevada Bar No. 8771
burrelll@gtlaw.com
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
*Counsel for Plaintiff, GNLV, Corp.*

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone (702) 792-3773
Facsimile (702) 792-9002

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| GNLV, Corp., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>T. WARREN ENTERPRISES, INC., an Ohio corporation f/k/a/ GOLDEN NUGGET ARCADE, INC., GREAT VIBE ENTERTAINMENT, INC., an Ohio corporation, TRACIE PASTORE, an individual, and YABACUSHYANEI BENNETT, an individual<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>(1) Trademark Infringement under 15 U.S.C. § 1114<br><br>(2) Unfair Competition under 15 U.S.C. § 125(a)<br><br>(3) Common Law Trademark Infringement<br><br>(4) Deceptive Trade Practices under N.R.S. 598.0903, et seq.<br><br>(5) Intentional Interference with Prospective Economic Advantage<br><br>(6) Business Disparagement<br><br>(7) Breach of Contract<br><br>(8) Breach of the Implied Covenant of Good Faith and Fair Dealing<br><br>(9) Civil Conspiracy<br><br>(10) Intentional Interference with Contractual Relations<br><br>(11) Negligent Misrepresentation<br><br>(12) Fraudulent Misrepresentation |

COMES NOW, Plaintiff GNLV, Corp. ("Plaintiff" or "GNLV"), by and through its attorneys of record, the law firm of Greenberg Traurig, LLP, and for its complaint against Defendants T.

1   WARREN ENTERPRISES, INC., f/k/a GOLDEN NUGGET ARCADE, INC., GREAT VIBE

2   ENTERTAINMENT, INC., TRACIE PASTORE, and YABACUSHYANEI BENNETT

3   (collectively "Defendants") complains and alleges as follows:

### NATURE OF ACTION

5   This is an action for trademark infringement and unfair competition under federal statutes

6   with pendent claims for breach of contract, breach of the implied covenant of good faith and fair

7   dealing, intentional interference with contractual rights, civil conspiracy, fraudulent

8   misrepresentation, negligent misrepresentation, common law trademark infringement, state

9   deceptive trade practices, intentional interference with prospective economic advantage and business

10  disparagement. Plaintiff seeks compensatory damages, punitive damages, attorneys' fees, costs, and

11  injunctive relief.

### JURISDICTION

13  1.      This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C.

14  §§1331 and 1338(a).  This Court has supplemental jurisdiction over Plaintiff's state law claims

15  pursuant to 28 U.S.C. § 1367(a).  Diversity jurisdiction under 28 U.S.C. § 1332 is also present

16  because the amount in controversy exceeds $75,000 and Plaintiff is a citizen of Nevada while

17  Defendants, upon information and belief, are citizens of Ohio.

18  2.      This Court has personal jurisdiction over Defendants based upon the fact that

19  Defendant companies and individuals committed tortious acts arising from Defendants' unauthorized

20  use of the Plaintiff's marks by Defendants in connection with Defendants' casino and gaming-

21  related activities that it knew or should have known would cause injury to Plaintiff in the State of

22  Nevada. Additionally, resolving a prior lawsuit between GNLV and T. Warren Enterprises, Inc.

23  (U.S.D.C. Case 2:12-cv-01915-JCM-PAL) (the "Prior Lawsuit"), T. Warren Enterprises entered into

24  a Settlement Agreement with GNLV and explicitly consented to this Court's jurisdiction. Per the

25  terms of this Settlement Agreement, this consent extends to any of T. Warren Enterprises'

26  successors, predecessors, parents, subsidiaries, affiliates, or otherwise related entities, as well as all

27  of T Warren Enterprises' shareholders, officers, directors, employees, heirs, executors, and

28  administrators. Accordingly, Defendants Great Vibe Entertainment, Inc., Tracie Pastore, and

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone (702) 792-3773
Facsimile (702) 792-9002

1   Yabacushyanei Bennett, upon information and belief, are within the Settlement Agreement's consent

2   provision and are also subject to this Court's personal jurisdiction.

3       3.    Venue is proper in the United States District Court for the District of Nevada under

4   28 U.S.C. § 1391(b) and (c). Venue lies in the unofficial Southern Division of this Court.

5   **PARTIES**

6       4.    GNLV is a Nevada corporation, that operates the "Golden Nugget" resort hotel

7   casinos in Las Vegas, Nevada and Laughlin, Nevada. GNLV is a wholly-owned subsidiary of

8   Landry's, Inc., which owns and operates more than 400 restaurants nationwide, including Landry's

9   Seafood House, Claim Jumper, Morton's The Steakhouse, McCormick & Schmick's and the

10   Rainforest Café, all found in multiple locations in Nevada, and in Las Vegas in particular.

11       5.    Defendant, T. Warren Enterprises, Inc., f/k/a Golden Nugget Arcade, Inc. ("Warren")

12   is an Ohio corporation that formerly operated a casino in Canton, Ohio located at 3110 Whipple

13   Avenue NV, Canton, Ohio 44718. Defendant's gaming establishment offered approximately 200

14   gaming machines and claimed an affiliation with GNLV's Golden Nugget resort hotel and casino in

15   Las Vegas.[1]

16       6.    Defendant Great Vibe Entertainment, Inc. ("Great Vibe") is an Ohio corporation that

17   uses the d/b/a of "Golden Nugget" and presently operates an illicit gambling operation fashioned as

18   an Internet café/skilled games business at 3110 Whipple Avenue NV, Canton, Ohio 44718 (the

19   "establishment").

20       7.    Defendant Tracie Pastore ("Ms. Pastore"), upon information and belief, is a citizen of

21   Ohio. She is the Managing Member and Sole Shareholder of Nugget Holdings, LLC, the Parent

22   Company of T. Warren Enterprises, Inc., f/k/a Golden Nugget Arcade, Inc. Defendant Tracie

23   Pastore, upon information and belief is also the President of T. Warren Enterprises, Inc., f/k/a

24   Golden Nugget Arcade, Inc.

25       8.    Defendant Yabacushyanei Bennett ("Mr. Bennett"), upon information and belief, is a

26   

27   _____

[1] Defendant Great Vibe's activities at this establishment involve the same types of trademark infringement and unfair

28   competition acts that Plaintiff previously complained of in the Prior Lawsuit. [*See* Docket No. 1, U.S.D.C. District of Nevada Case No. 2:12-cv-01915-JCM-PAL].

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone (702) 792-3773
Facsimile (702) 792-9002

1   citizen of Ohio.   Upon information and belief, Mr. Bennett is the owner of Great Vibe

2   Entertainment, Inc., d/b/a "Golden Nugget" at the establishment.

3   ## ALLEGATIONS COMMON TO ALL COUNTS

4   ### Golden Nugget Background Information

5   9.   The "Golden Nugget" is a famous destination resort hotel casino located on the

6   world-renowned "Glitter Gulch" in Las Vegas, Nevada.

7   10.   GNLV owns the mark GOLDEN NUGGET and variants thereto (the "GOLDEN

8   NUGGET Marks") and has obtained federal mark registrations for the GOLDEN NUGGET Marks,

9   including but not limited to:

10   (a)   GOLDEN NUGGET for restaurant services (U.S. Reg. No. 1,082,078 – Date

11   of First Use 8/25/1946);

12   (b)   GOLDEN NUGGET design mark for restaurant services (U.S. Reg. No.

13   1,199,956 – Date of First Use 1/1/1947);

14   (c)   GOLDEN NUGGET design mark for restaurant services (U.S. Reg. No.

15   1,554,155 – Date of First Use 9/1/1988);

16   (d)   GOLDEN NUGGET for casino services (U.S. Reg. No. 1,203,988); and

17   (e)   GOLDEN NUGGET for hotel and resort hotel services (U.S. Reg. No.

18   2,240,084).

19   None of these federal trademark registrations have been abandoned, canceled or revoked.

20   Each of these federal trademark registrations has become incontestable through the filing of Section

21   8 and 15 affidavits in the United States Patent and Trademark Office.

22   11.   Since the Golden Nugget opened in 1946, GNLV, and its predecessors-in-interest

23   have continuously used the GOLDEN NUGGET Marks in connection with advertising and

24   promoting its property in the United States and around the world.   The GOLDEN NUGGET name

25   and mark is among the recognized and respected names in the gaming industry.   In fact, the

26   GOLDEN NUGGET name has become famous in the casino industry.   GNLV and its predecessors-

27   in-interest have spent tens of millions of dollars to advertise and promote the GOLDEN NUGGET

28   Marks in print, broadcast media and on the Internet through the Golden Nugget web site, accessible

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone (702) 792-3773
Facsimile (702) 792-9002

1   throughout the United States and around the world at <goldennugget.com>. In addition, GNLV has

2   made extensive use of the GOLDEN NUGGET Marks on, among other things, casino and gaming-

3   related advertising and promotional materials, signage, menus and other related materials.

4       12.    Based on its federal trademark registrations and extensive use, GNLV owns the

5   exclusive right to use its GOLDEN NUGGET Marks in connection with restaurant, hotel, casino and

6   related services.

7       13.    The uniqueness of the Golden Nugget resort hotel casino, and the casino services

8   offered to the public under the GOLDEN NUGGET mark, together with the extensive advertising

9   and promotion of the Golden Nugget have resulted in the GOLDEN NUGGET name and mark being

10   distinctive and famous for resort hotel casino services.

**The Prior Lawsuit**

12       14.    On or about October 22, 2012, Plaintiff became aware that Defendant Warren was

13   using the GOLDEN NUGGET mark in connection with its casino.

14       15.    Specifically, Defendant Warren's establishment referred to itself as "The Golden

15   Nugget," used the business name of "The Golden Nugget Arcade," and had an exterior business sign

16   that read "Golden Nugget, You Will Love It" in operating their casino-style business.

17       16.    In response, Plaintiff filed a Complaint for Damages and Injunctive Relief on

18   November 8, 2012, seeking damages for Warren's trademark infringement under 15 U.S.C. § 1114,

19   unfair competition under 15 U.S.C. § 1125(a), common law trademark infringement, deceptive trade

20   practices under N.R.S. 598.0903, et seq., intentional interference with prospective economic

21   advantage, and business disparagement. [*See* Docket No. 1, U.S.D.C. District of Nevada Case No.

22   2:12-cv-01915-JCM-PAL].

23       17.    Plaintiff also filed an Application for Temporary Restraining Order and Motion for

24   Preliminary Injunction ("Application") on November 8, 2012, seeking an order requiring Defendant

25   Warren to immediately cease and desist all use of Plaintiff's GOLDEN NUGGET trademark and a

26   preliminary injunction requiring Defendant to permanently discontinue its use of its Plaintiff's mark

27   in connection with its casino and gaming services at their establishment at 3110 Whipple Avenue

28   NW in Canton, Ohio. [*See* Docket Nos. 5 and 6, U.S.D.C. District of Nevada Case No. 2:12-cv-

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone (702) 792-3773
Facsimile (702) 792-9002

1 | 01915-JCM-PAL].

2 | 18.    This Court issued a Temporary Restraining Order on November 9, 2012, finding that

3 | Defendant Warren used GNLV's marks on its signage and on advertising and promotional materials

4 | to market its casino, that GNLV would suffer irreparable injury if the order was not issued, that

5 | GNLV demonstrated a likelihood of success on the merits of its mark infringement and unfair

6 | competition claims, and that there was no likelihood of harm from the public from the temporary

7 | restraining order being granted. [*See* Docket No. 9, U.S.D.C. District of Nevada Case No. 2:12-cv-

8 | 01915-JCM-PAL].

9 | 19.    After Defendant Warren failed to oppose the Application by November, 13, 2012, per

10 | this Court's order, GNLV filed a Notice of Non-Opposition on November 15, 2012, arguing that

11 | under Local Rule 7-2, Defendant's failure to oppose constitutes consent to the granting of a motion.

12 | *See* Docket No. 12, U.S.D.C. District of Nevada Case No. 2:12-cv-01915-JCM-PAL].

13 | 20.    Accordingly, the Court granted a Preliminary Injunction enjoining Defendant

14 | Warren's conduct on November 19, 2012. [*See* Docket No. 15, U.S.D.C. District of Nevada Case

15 | No. 2:12-cv-01915-JCM-PAL].

16 | 21.    On or about December 28, 2012, GNLV entered into a Settlement Agreement[2] with

17 | Defendant Warren and Ms. Pastore (collectively "Warren Defendants"), where in exchange for the

18 | Warren Defendants' promise to immediately and permanently adhere to all terms of this agreement,

19 | GNLV agreed to voluntarily dismiss all claims, without prejudice. [*See* Docket No. 16, U.S.D.C.

20 | District of Nevada Case No. 2:12-cv-01915-JCM-PAL].

21 | 22.    On or about December 28, 2012, the Warren Defendants' counsel, The Behal Law

22 | Group, LLC, sent a letter to GNLV stating, in pertinent part, the following:

23 | a.    "I am also providing a list of all changes we have made to remove the name 'Golden

24 |        Nugget' from my client's business. Many of these changes have already been made,

25 |        and my client tells me that they will all be completed within the time required in the

26 |        settlement agreement"

27 |

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone (702) 792-3773
Facsimile (702) 792-9002

28 | [2] The terms of this Settlement Agreement are confidential.

LV 420002976v5

b. "As noted, the name of the operating entity has been changed from 'Golden Nugget Arcade, Inc.' to 'T. Warren Enterprises, Inc.'"

c. "T. Warren Enterprises, Inc. is owned outright by Nugget Holdings, LLC.  In order to eliminate any possible confusion, plans are in place to change the name of Nugget Holdings to 'T. Warren Holdings, LLC."

d. "My client will change the name used on its letterhead, business cards, and checks . . ."

e. "The exterior sign with the Golden Nugget name has been removed, and the name "Golden Nugget" will be removed from any interior signs, doors, etc."

f. "My client will execute an amendment to its current lease reflecting the new entity name, and will further change the billing name on its utility bills and insurance policy." *See* December 28, 2012 Letter from Behal Law Group, attached hereto as **Exhibit 1.**

23. In reliance on the Warren Defendants' representations in this letter of their affirmative corrective actions, GNLV filed a Notice of Voluntarily Dismissal with this Court on January 11, 2013. [*See* Docket No. 16, U.S.D.C. District of Nevada Case No. 2:12-cv-01915-JCM-PAL].

**The Present Lawsuit**

24. On or about May 20, 2013, the Internal Revenue Service  ("IRS") confiscated dozens of slot-like machines during a raid from the Great Vibe defendants' establishment, operating under the name GOLDEN NUGGET. *See* Article from Canton Repository, attached hereto as **Exhibit 2.**

25. This establishment is located at 3110 Whipple Avenue NW—<u>the same exact</u> <u>address of the Warren Defendants' establishment, and the location at issue in the prior lawsuit</u> <u>between the parties.</u>

26. An article from the Canton Repository, a Canton, Ohio newspaper, describing this raid has the headline of "IRS confiscates games from Golden Nugget." *Id.*

27. Also, in this article, the author of the article and several customers of Great Vibe's establishment refer to it as "The Golden Nugget." *Id.*

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone (702) 792-3773
Facsimile (702) 792-9002

LV 420002976v5

28. This article also shows several pictures of movers wheeling out illegal gaming machines, including one picture where a visible sign on the front door says "The Nugget" written in golden letters. *See* Confiscation Pictures, attached hereto as **Exhibit 3**.

29. The article continues to state, among other things, that:

    a. "Agents from the Internal Revenue Service confiscated dozens of slot-like machines during a raid Monday at a popular gaming business."

    b. "[t]he Criminal Investigations Division investigates income tax fraud, money laundering and currency violations, such as transferring money in low enough amounts to avoid the requirement to file a transaction report.

    c. "[Defendant Bennett] lists the business as having 222 games and hours of operation from 9 a.m. to midnight."

    d. "The Golden Nugget opened August 2008, according to other township records." "The Golden Nugget, veiled by tinted windows, takes up six storefronts in the plaza." *Id.*

30. Upon information and belief, while the Warren Defendants were negotiating with GNLV and committing to end the various unlawful acts occurring at their 3110 Whipple Avenue address, The Behal Law Group, LLC—the Warren Defendants' counsel—filed Articles of Incorporation with the Ohio Secretary of State on December 12, 2012 on Defendant Great Vibe's behalf. *See* Great Vibe's Initial Articles of Incorporation, attached hereto as **Exhibit 4**.

31. The initial articles of incorporation for Great Vibe provided that the legal existence of the corporation would not be effective until January 1, 2013, a mere three days after required the Warren Defendants to issue its December 28, 2012 letter to GNLV ensuring that they were undertaking all required corrective actions. *Id.*

32. Additionally, Great Vibe's initial Articles of Incorporation listed **3110 Whipple Avenue NW** as the address of Great Vibe's statutory agent. *Id.*

33. Upon information and belief, the Warren Defendants, Great Vibe, and Mr. Bennett are alter egos of one another, or in the alternative, Defendants Great Vibe and Mr. Bennett (collectively the "Great Vibe" defendants) are successors, predecessors, parents, subsidiaries,

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone (702) 792-3773
Facsimile (702) 792-9002

affiliates, or otherwise related entities that are bound to the terms of the Settlement Agreement.

34.     On or about January 16, 2013, Great Vibe applied for and obtained a zoning permit to operate an Internet café/skilled games business with 222 machines at the establishment. *See* Plain Township Zoning Application, attached hereto as **Exhibit 5**.

35.     On this zoning application, applicant Yabacushyanei Bennett lists the business name as "Great Vibe Entertainment ~~(DBA) The Nugget~~ Arcade." *Id.*

36.     On or about January 16, 2013, Great Vibe applied for a certificate of conformance from the Plain Township Zoning Department, listing Tracie Pastore—the principal of T. Warren Enterprises—as its after-hours emergency contact person. *See* Application for Certificate of Conformance, attached hereto as **Exhibit 6**.

37.     The Great Vibe defendants' use of Plaintiff's marks not only constitute trademark infringement, unfair competition, and a breach of the Settlement Agreement expressly prohibiting Defendants from using the GOLDEN NUGGET name and marks, but they also directly harm GNLV's reputation by associating the GOLDEN NUGGET mark with illegal business practices.

38.     Upon information and belief, the Great Vibe defendants, in breach of the Settlement Agreement and contrary to representations made therein in Defendant Warren's December 28, 2012 letter, continue to use the GOLDEN NUGGET name and mark on its signage and on advertising and promotional materials to market its casino. *See* Ex. 2,3.

39.     Defendants' continued use of a GNLV name and mark is in breach of the Settlement Agreement whereby Defendants agreed to never use GNLV's names and marks again.

40.     Upon information and belief, by using a name for its casino that contains GNLV's GOLDEN NUGGET trademark(s), the Great Vibe defendants were, and are attempting to trade on the goodwill of Plaintiff.

41.     By using Plaintiff's trademark(s) and by claiming an affiliation with the Golden Nugget resort hotel and casino in Las Vegas, the Great Vibe defendant were and are attempting to create an association between the Great Vibe defendants' goods and services, and Plaintiff's famous trademarks for casino and gaming-related services.

42.     Plaintiff's marks at issue in this case were distinctive at the time the Great Vibe

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone (702) 792-3773
Facsimile (702) 792-9002

1   defendants began using the GOLDEN NUGGET mark in connection with its casino and gaming

2   services.

3        43.   Upon information and belief, the Great Vibe defendants are using the GOLDEN

4   NUGGET mark with the bad faith intent to profit from Plaintiff's marks.

5        44.   Upon information and belief, the Great Vibe defendants have no trademark or other

6   intellectual property rights in the GOLDEN NUGGET name and/or mark.

7        45.   Upon information and belief, the Great Vibe defendants have no prior use of the

8   GOLDEN NUGGET name or mark in connection with the bona fide offering of any goods or

9   services.

10        46.   Upon information and belief, the Great Vibe defendants have intend to obtain a

11   commercial benefit by offering casino and gaming-related goods and services under the GOLDEN

12   NUGGET mark and in a manner that could harm the goodwill represented by Plaintiff's marks.

13        47.   Plaintiff's marks incorporated in the Great Vibe defendants' gaming goods and

14   services are distinctive and famous.  Upon information and belief, the Great Vibe defendants' did

15   not believe or have reasonable grounds to believe that the use of the GOLDEN NUGGET mark was

16   a fair use or otherwise lawful in relation to its casino-related goods and services.

17   **FIRST CLAIM FOR RELIEF**
(Trademark Infringement under

18   the Lanham Act, 15 U.S.C. § 1114)

19        48.   Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth

20   herein.

21        49.   Defendants used and/or are using in commerce for their casino-related goods and

22   services a name which contains Plaintiff's trademarks, and, thus is confusingly similar to Plaintiff's

23   names and trademarks for its gaming services.

24        50.   Defendants use in commerce of Plaintiff's marks and/or a mark confusingly similar to

25   Plaintiff's trademarks for Defendant's casino services, including on its signage, advertising and

26   promotional materials, as identified in the Allegations Common to All Counts section above,

27   constitutes a reproduction, copying, counterfeiting, and colorable imitation of Plaintiff's trademarks

28   in a manner that is likely to cause confusion or mistake or is likely to deceive consumers.

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone (702) 792-3773
Facsimile (702) 792-9002

LV 420002976v5

51.     By using Plaintiff's marks and/or marks confusingly similar to Plaintiff's trademarks with the knowledge that Plaintiff owns and has used, and continues to use, its trademarks in Las Vegas, across the United States, and around the world, Defendants have intended to cause confusion, cause mistake, or deceive consumers.

52.     Defendants are using a mark identical and/or confusingly similar to Plaintiff's trademarks in connection with the sale, offering for sale or advertising of casino and gaming-related services in a manner that is likely to cause confusion, or to cause mistake, or to deceive consumers as to affiliation, connection, or association with Plaintiff or as to the origin, sponsorship, or approval of Defendants' services or commercial activities by Plaintiff.

53.     Defendants' use of Plaintiff's marks and/or marks confusingly similar to Plaintiff's trademarks has created a likelihood of confusion among consumers who may falsely believe that Defendants' casino is associated with Plaintiff's resort hotel casinos, or that Plaintiff sponsors or approves of Defendants' services or commercial activities.

54.     As a direct and proximate result of Defendants' infringement, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

## SECOND CLAIM FOR RELIEF
### (Unfair Competition under the
### Lanham Act, 15 U.S.C. § 1125(a))

55.     Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

56.     Defendants' use in commerce of Plaintiff's marks and/or a mark confusingly similar to Plaintiff's trademarks for Defendants' casino services, including on signage, advertising and promotional materials, as identified in the Allegations Common to All Counts section above, constitutes a false designation of origin and/or a false or misleading description or representation of fact, which is likely to cause confusion, cause mistake, or deceive as to affiliation, connection, or association with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' casino services or commercial activities by Plaintiff.

57.     Defendants' use in commerce of Plaintiff's marks and/or marks confusingly similar to

LV 420002976v5

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone (702) 792-3773
Facsimile (702) 792-9002

Plaintiff's trademarks with the knowledge that Plaintiff owns and has used, and continues to use, its trademarks constitutes intentional conduct by Defendants to make false designations of origin and false descriptions about Defendants' restaurant services and commercial activities.

58.   As a direct and proximate result of such unfair competition, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

**THIRD CLAIM FOR RELIEF**
(Common Law Trademark Infringement)

59.   Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

60.   By virtue of having used and continuing to use its trademarks, Plaintiff has acquired common law rights in those marks.

61.   Defendants' use of marks identical and/or confusingly similar to Plaintiff's trademarks infringes Plaintiff's common law rights in its trademarks, and this use is likely to cause confusion, mistake, or deception among consumers, who will believe that Defendants' casino is associated with Plaintiff's resort hotel casinos, or that Plaintiff sponsors or approves of Defendants' gaming services or commercial activities, or that Defendants' casino originates from, or is affiliated with, or endorsed by Plaintiff when, in fact, it is not.

62.   As a direct and proximate result of Defendants' infringement of Plaintiff's common law trademark rights under Nevada and other common law, Plaintiff has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill.

**FOURTH CLAIM FOR RELIEF**
(Deceptive Trade Practices
Under N.R.S. § 598.0915)

63.   Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

64.   Upon information and belief, in the course of conducting its business, Defendants knowingly made false representations as to affiliation, connection and/or association with Plaintiff by claiming that it is related to the Plaintiff's Golden Nugget Las Vegas hotel and casino and by using a mark confusingly similar to Plaintiff's trademarks and otherwise engaged in deceptive trade

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone (702) 792-3773
Facsimile (702) 792-9002

LV 420002976v5

1  practices.

2      65.    As the direct and proximate result of Defendants' conduct, Plaintiff has suffered, and

3  will continue to suffer, monetary damages and irreparable injury to its business, reputation, and

4  goodwill.

5                          **FIFTH CLAIM FOR RELIEF**
                            (Intentional Interference with
6                          Prospective Economic Advantage)

7      66.    Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth

8  herein.

9      67.    Upon information and belief, at the time Defendants adopted and began using

10  Plaintiff's GOLDEN NUGGET name and mark and since that time, Defendants knew and have

11  known that Plaintiff is in the business of providing casino and gaming-related services.

12      68.    The Warren Defendants, in particular, knew of GNLV's name and marks from the

13  Prior Lawsuit and subsequent Settlement Agreement between the Warren Defendants and GNLV

14  where the Warren Defendants expressly acknowledged GNLV's exclusive rights to their names and

15  marks.

16      69.    Upon information and belief, Defendants committed acts intended or designed to

17  disrupt Plaintiff's prospective economic advantage arising from advertising and/or providing these

18  services.

19      70.    Defendants' actions have disrupted or are intended to disrupt Plaintiff's business by,

20  among other things, using GOLDEN NUGGET marks for goods and services similar to those

21  offered by Plaintiff at its casino, and by obtaining a commercial benefit from using Plaintiff's

22  GOLDEN NUGGET mark(s) for goods and services to which it is not entitled.

23      71.    Defendants have no legal right, privilege or justification for its conduct.

24      72.    As a direct and proximate result of Defendants' intentional interference with

25  Plaintiff's prospective economic advantage, Plaintiff has suffered, and will continue to suffer,

26  monetary damages and irreparable injury.

27      73.    Based on the intentional, willful and malicious nature of Defendants actions, Plaintiff

28  is entitled to recover exemplary damages and reasonable attorneys' fees and costs incurred in

LV 420002976v5

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone (702) 792-3773
Facsimile (702) 792-9002

1   connection with this action.

## SIXTH CLAIM FOR RELIEF
(Business Disparagement)

74.   Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

75.   Claiming that its Golden Nugget casino is affiliated with the Plaintiff's Las Vegas Golden Nugget resort, hotel and casino is a false and disparaging statement made by Defendant to third parties with the intent to cause harm to Plaintiff's pecuniary interests.

76.   Plaintiff's resort, hotel and casino not only offers premium gaming services, but it is highly regulated by the strict standards set by the Nevada Gaming Commission.  To claim an association with Plaintiff's Las Vegas Golden Nugget resort, hotel and casino implies that Defendants' casino is regulated by the same standards as Plaintiff's establishment, when if fact, Plaintiff had no prior knowledge or oversight of Defendant's business activities.

77.   When Great Vibe Defendants applied for a zoning permit with Plain Township using the d/b/a of Golden Nugget, implying an association with GNLV's Las Vegas Golden Nugget resort, hotel and casino, Defendant published such false and disparaging statements with full knowledge of their falsity and/or with reckless disregard for their truth.

78.   On or around May 20, 2013, the Canton Rep, a Canton, Ohio newspaper, published an article describing criminal conduct occurring under the GOLDEN NUGGET name with the headline "IRS confiscates games from Golden Nugget," where the article's author and several customers of Great Vibe refer to the establishment as the "Golden Nugget" Ex. 2.

79.   As a direct and proximate result of Defendant's false and disparaging statements, Plaintiff has suffered, and will continue to suffer, monetary damages and irreparable injury.

80.   Based on the intentional, willful and malicious nature of Defendant's actions, Plaintiff is entitled to recover special damages and reasonable attorneys' fees and costs incurred in connection with this action.

## SEVENTH CLAIM FOR RELIEF
(Breach of Settlement Agreement)

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone (702) 792-3773
Facsimile (702) 792-9002

LV 420002976v5

81.    Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

82.    GNLV and the Warren Defendants voluntarily entered into a valid and binding contract when they executed the Settlement Agreement on or about December 28, 2012, where in exchange for the Warren Defendants' promise to immediately and permanently adhere to all terms of this confidential agreement, GNLV agreed to voluntarily dismiss all claims, without prejudice.

83.    GNLV fully performed its obligations under the Settlement Agreement by voluntarily dismissing, without prejudice, all claims against the Warren Defendants.

84.    The Warren Defendants breached the Settlement Agreement failing to immediately cease and refrain from any and all use of the GOLDEN NUGGET name, marks, and logos now and in the future, for any purpose whatsoever.

85.    The Great Vibe Defendants were bound to the Settlement Agreement as the Warren Defendants' successor, predecessor, parent, subsidiary, affiliate, or otherwise related entities.

86.    As a direct and proximate result of Defendants' breach, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

## EIGHTH CLAIM FOR RELIEF
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

87.    Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

88.    Under Nevada law, every contract imposes upon the contracting parties a duty of good faith and fair dealing.

89.    Accordingly, GNLV and the Warren Defendants, as parties to the Settlement Agreement, owed each other a duty of good faith and fair dealing.

90.    Defendants breached that duty by performing in a manner that was unfaithful to the purpose of the Settlement Agreement.

91.    Specifically, the Settlement Agreement required Defendants to cease their use of GNLV's name and marks on or before December 28, 2012 in their business operation located at 3110 Whipple Avenue.

LV 420002976v5

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone (702) 792-3773
Facsimile (702) 792-9002

92.     On or around December 28, 2012, the Warren Defendants' counsel sent a letter to GNLV assuring GNLV that correction has been and will be taken to meet all requirements of the settlement agreement.

93.     Yet,  on December 12, 2012, Defendants' same counsel, The Behal Law Group, LLC, filed and recorded its Articles of Incorporation with the Ohio Secretary of State  on behalf of the Great Vibe Defendants, using the same 3110 Whipple Avenue address and seeking an effective date of January 1, 2013—just three days after the Warren Defendants Settlement Agreement related to that same establishment was executed.  Ex. 4.

94.     Tracie Pastore, the principal of T. Warren Enterprises, Inc. and signatory to the Settlement Agreement in her personal capacity, is listed as the emergency contact for Great Vibe on Great Vibe's January 16, 2013 Application for Certificate of Conformance.  Ex. 6.

95.     Defendants deliberately countervened the intention and spirit of the contract by negotiating Settlement Agreement terms in the name of the Warren Defendants while they had, or should have had knowledge that the Great Vibe Defendants were set to take over operations at the very establishment that was the subject of the Prior Lawsuit.

96.     The Great Vibe Defendants continued the exact trademark infringement and unfair competition acts starting on January 1, 2013 that the Warren Defendants unequivocally promised to cease and desist by December 28, 2012.

97.     As a direct and proximate result of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

### NINTH CLAIM FOR RELIEF
(Civil Conspiracy)

98.     Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

99.     The Warren Defendants and the Great Vibe Defendants, upon information and belief, acted in concert to unlawfully infringe on Plaintiff's known trademark rights and intentionally breach the Settlement Agreement entered into by Plaintiff and the Warren Defendants with a purpose

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada  89169
Telephone (702) 792-3773
Facsimile (702) 792-9002

1  of harming Plaintiff.

2      100.    As a direct and proximate result of Defendants' acts in concert, Plaintiff has suffered,

3  and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and

4  goodwill.

5  ### TENTH CLAIM FOR RELIEF
           (Negligent Misrepresentation)

6

7      101.    Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth

8  herein.

9      102.    The Warren Defendants had a pecuniary interest supporting their agreement to terms

10  in the Settlement Agreement and affirmative statements made in their December 28, 2012 letter

11  because GNLV required these acts in exchange for GNLV's voluntarily dismissal, without prejudice,

12  of its six-count complaint against the Warren Defendants.

13      103.    Upon information and belief, the Warren Defendants failed to exercise reasonable

14  care or competence in obtaining or communicating information to GNLV  because during these

15  settlement negotiations regarding the Warren Defendants' actions at the establishment, the Great

16  Vibe Defendants were in the process of starting up unlawful operations at that same establishment.

17      104.    GNLV justifiably relied on the Warrant Defendants' representations in agreeing to

18  voluntarily dismiss its suit.

19      105.    As a direct and proximate result of the Great Vibe Defendants' representations

20  plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business,

21  reputation, and goodwill.

22  ### ELEVENTH CLAIM FOR RELIEF
           (Fraudulent Misrepresentation)

23

24      106.    Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth

25  herein.

26      107.    The Warren Defendants made a false representation when they entered into a

27  Settlement Agreement promising to refrain from using GOLDEN NUGGET Marks, and to extend

28

LV 420002976v5

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone (702) 792-3773
Facsimile (702) 792-9002

1  this restraint to its respective agents, employees, officers, directors, servants, and/or all persons

2  acting in concert or participation with the Warren Defendants.

3      108.  The Warren Defendants knew this representation was false, because it was made on

4  or around December 28, 2012.  However, the Great Vibe Defendants submitted their initial articles

5  of incorporation on December 14, 2012, using the same address of the establishment and the same

6  counsel as the Warren Defendants.  The effective date of Great Vibe Entertainment, Inc. was January

7  1, 2013, just three days after the Settlement Agreement was entered into.

8      109.  The Warren Defendants intended to induce GNLV to voluntarily dismiss the lawsuit

9  based on the Warren Defendants' misrepresentation.

10      110.  GNLV justifiably relied on the Warren Defendants' representations in agreeing to

11  voluntarily dismiss its suit, because the Warren Defendant's made the affirmative act of amending

12  their articles of incorporation on or around December 7, 2012, and presented GNLV with these

13  revised documents and other affirmative acts in compliance with the Settlement Agreement on or

14  around December 28, 2012.

15      111.  As a direct and proximate result of the Great Vibe Defendants' representations

16  plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business,

17  reputation, and goodwill.  In addition based on the intentional, willful and malicious nature of

18  Defendants' actions, Plaintiff is entitled to recover exemplary damages and reasonable attorneys'

19  fees and costs incurred in connection with this action.

20
                                  **TWELFTH CLAIM FOR RELIEF**
21                                       (Fraudulent Inducement)

22      112.  Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth

23  herein.

24      113.  The Warren Defendants made a false representation when they entered into a

25  Settlement Agreement promising to refrain from using GOLDEN NUGGET Marks, and to extend

26  this restraint to its respective agents, employees, officers, directors, servants, and/or all persons

27  acting in concert or participation with the Warren Defendants.

28

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone (702) 792-3773
Facsimile (702) 792-9002

114.    The Warren Defendants knew this representation was false, because it was made on or around December 28, 2012.  However, the Great Vibe Defendants submitted their initial articles of incorporation on December 14, 2012, using the same address of the establishment and the same counsel as the Warren Defendants.  The effective date of Great Vibe Entertainment, Inc. was January 1, 2013, just three days after the Settlement Agreement was entered into.

115.    The Warren Defendants intended to induce GNLV to voluntarily dismiss the lawsuit based on the Warren Defendants' misrepresentation.

116.    Defendants actually induced GNLV into dismissing lawsuit against them by fraudulently agreeing not to use GOLDEN NUGGET names and  marks ever again while concurrently setting up a new business to do exactly that.

117.    GNLV justifiably relied on the Warren Defendants' representations in agreeing to voluntarily dismiss its suit, because the Warren Defendant's made the affirmative act of amending their articles of incorporation on or around December 7, 2012, and presented GNLV with these revised documents and other affirmative acts in compliance with the Settlement Agreement on or around December 28, 2012.

118.    As a direct and proximate result of the Great Vibe Defendants' representations plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.  In addition based on the intentional, willful and malicious nature of Defendants' actions, Plaintiff is entitled to recover exemplary damages and reasonable attorneys' fees and costs incurred in connection with this action.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that the Court grant the following relief:

A.    Injunctive relief prohibiting Defendants, their respective officers, agents, servants, employees and/or all persons acting in concert or participation with it, or any of them, from: (1) using Plaintiff's trademarks or confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases or designs, in commerce or in connection with any business or for any other purpose (including, but not limited to, on web sites and in restaurant goods and services names); and (2) registering, owning, leasing, selling, or trafficking in any names

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone (702) 792-3773
Facsimile (702) 792-9002

1    containing Plaintiff's trademarks or confusingly similar variations thereof, alone or in combination

2    with any other letters, words, phrases or designs;

3         B.      An award of compensatory, consequential, statutory, special and punitive damages to

4    Plaintiff in an amount to be determined at trial;

5         C.      An award of interest, costs and attorneys' fees incurred by Plaintiff in prosecuting this

6    action, as agreed to by Defendants in the Settlement Agreement; and

7         D.      All other relief to which Plaintiff is entitled.

8    DATED: this 28th day of May, 2013.

GREENBERG TRAURIG, LLP

Mark G. Tratos (Bar No. 1086)
Lauri S. Thompson (Bar No. 6846)
Laraine Burrell (Bar No. 8771)
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
*Counsel for Plaintiff GNLV, Corp.*

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone (702) 792-3773
Facsimile (702) 792-9002

LV 420002976v5

1  Defendants would not suffer from having to cease using Plaintiff's GOLDEN NUGGET mark for

2  the pendency of the litigation.

3  **IV.    CONCLUSION**

4      Based upon the foregoing Points and Authorities, Plaintiff has shown that it meets either of

5  the two alternative tests developed by the United States Court of Appeals for the Ninth Circuit for

6  entitlement to injunctive relief.  Plaintiff has demonstrated that success as to each of its trademark

7  infringement claims is, at the very least, probable.   Alternatively, Plaintiff has raised serious

8  questions and shown that the balance of hardships tips in its favor.   Accordingly, Plaintiff

9  respectively requests that the Court grant its Motions for a Temporary Restraining Order and for a

10  Preliminary Injunction pending adjudication of this matter on the merits.

11      DATED: this 28th day of May, 2013.

12

13                          GREENBERG TRAURIG, LLP

14                          _____
                            Mark G. Tratos (Bar No. 1086)
15                          Lauri S. Thompson (Bar No. 6846)
                            Laraine Burrell (Bar No. 8771)
16                          3773 Howard Hughes Parkway
                            Suite 400 North
17                          Las Vegas, Nevada 89169
                            *Counsel for GNLV, Corp.*
18

19

20

21

22

23

24

25

26

27

28

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone (702) 792-3773
Facsimile (702) 792-9002

LV 420003860v2