MARK G. TRATOS, ESQ.
Nevada Bar No. 1086
tratosm@gtlaw.com
LAURI S. THOMPSON, ESQ.
Nevada Bar No. 6846
thompsonl@gtlaw.com
LARAINE BURRELL, ESQ.
Nevada Bar No. 8771
burrelll@gtlaw.com
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
*Counsel for Plaintiff, GNLV, Corp.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| GNLV, Corp., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>T. WARREN ENTERPRISES, INC., an Ohio corporation f/k/a/ GOLDEN NUGGET ARCADE, INC., GREAT VIBE ENTERTAINMENT, INC., an Ohio corporation, TRACIE PASTORE, an individual, and YABACUSHYANEI BENNETT, an individual<br><br>Defendants. | Case No.:  2:13-cv-00943-JCM-CWH<br><br>**TEMPORARY RESTRAINING ORDER** |

UPON CONSIDERATION of the Motion filed by plaintiff GNLV, Corp. ("plaintiff" or "GNLV"), requesting a temporary restraining order and injunction requiring defendants T. WARREN ENTERPRISES, INC., f/k/a GOLDEN NUGGET ARCADE, INC., GREAT VIBE ENTERTAINMENT, INC., TRACIE PASTORE, and YABACUSHYANEI BENNETT (collectively "defendants") to immediately cease and desist all use of plaintiff's GOLDEN NUGGET and/or similar or derivative trademarks including but not limited to "The Nugget", the

supporting memorandum of points and authorities, the supporting Declaration, the record in this case, and for other good cause shown:

THE COURT HEREBY FINDS THAT:

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) and supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.A.C. § 1367(a);

2. The court has personal jurisdiction over the defendants in that it committed tortious acts that it knew or should have known would cause injury to plaintiff in the State of Nevada;

3. GNLV has made extensive use of the GOLDEN NUGGET Marks on, among other things, signage, wearing apparel, and sales and promotional materials, and has obtained federal registration for the GOLDEN NUGGET Marks for various goods and services, including but not limited to:

   (a) GOLDEN NUGGET for casino and bar services (U.S. Reg. No. 1,554,155);

   (b) GOLDEN NUGGET for nightclub, bar, cabaret and casino services (U.S. Reg. No. 1,082,044); and

   (c) GOLDEN NUGGET for casino services (U.S. Reg. No. 1,203,988).

4. GNLV has made extensive use of the GOLDEN NUGGET Marks on, among other things, signage, wearing apparel, and sales and promotional materials, and is a licensee of several federal registrations for the GOLDEN NUGGET Marks for various goods and services, including but not limited to:

   (a) GOLDEN NUGGET for casino and bar services (U.S. Reg. No. 1,554,155);

   (b) GOLDEN NUGGET for nightclub, bar, cabaret and casino services (U.S. Reg. No. 1,082,044); and

   (c) GOLDEN NUGGET for casino services (U.S. Reg. No. 1,203,988).

5. Based on its federal trademark registrations and extensive use, GNLV owns the exclusive right to use the GOLDEN NUGGET Marks in connection with resort hotel, casino and related services. The extensive advertising and promotion of the "Golden Nugget" resort hotel casinos have resulted in the GOLDEN NUGGET name and marks being distinctive for resort hotel casino services;

LV 420004694v1

6. Defendant GNA has used GNLV's marks on its signage and on advertising and promotional materials to market its casino;

7. GNLV will suffer irreparable injury if the court does not require defendant to cease and desist its use of GNLV's marks;

8. GNLV has demonstrated likelihood of success on the merits of its mark infringement claims against defendant under the Lanham Act, 15 U.S.C. § 1114, and Nevada law;

9. GNLV has demonstrated likelihood of success on the merits of its unfair competition claims against defendant under the Lanham act, 15 U.S.C. § 1125(a);

10. There is no likelihood of harm to the public from the temporary restraining order now being granted.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that: GNLV's application for temporary restraining order is hereby GRANTED;

IT IS FURTHER ORDERED that defendant will immediately cease and desist any and all use of GNLV's name and trademarks and any and all variants thereof including but not limited to GOLDEN NUGGET and "The Nugget".

IT IS FURTHER ORDERED that defendant shall file, pursuant to 15 U.S.C. § 1116(a), with this court and serve upon GNLV within thirty (30) days after entry of this Order, a report in writing under oath setting forth in detail the manner and form in which defendant has complied with this court's Order; and

IT IS FURTHER ORDERED that GNLV shall post a nominal bond of $100.00 because the evidence indicates that defendant will only suffer minimal, if any, damage by the issuance of this temporary restraining order.

### ORDER SETTING HEARING FOR PRELIMINARY INJUNCTION

UPON CONSIDERATION of GNLV's Motion, the Memorandum of Points and Authorities, the supporting declarations and exhibits, the papers and pleadings on file in this matter and for good cause shown;

1. The court hereby sets the hearing for plaintiff's motion for preliminary injunction on June 12, 2013 at 1:15 p.m. in Courtroom 6A at the Lloyd D. George United States Federal

LV 420004694v1

1  Courthouse, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101.

2      2.    Further, the Court hereby sets the following briefing schedule relating to plaintiff's Motion:

4      (d)    Defendant shall file and serve opposition papers, if any, no later than June 5, 2013, and

6      (e)    Plaintiff shall file and serve its reply brief, if any, no later than June 10, 2013.

7  DATED: May 30, 2013.

_____
UNITED STATES DISTRICT JUDGE

Dated: May 30, 2013
Time: 10:10 AM

Respectfully submitted by:

GREENBERG TRAURIG, LLP
/s/ Laraine M.I. Burrell
Mark G. Tratos (Bar No. 1086)
Lauri S. Thompson (Bar No. 6846)
Laraine M.I. Burrell (Bar No. 8771)
3773 Howard Hughes Parkway, Suite 4North
Las Vegas, Nevada 89169
Counsel for Plaintiff

LV 420004694v1