# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

GNLV, CORP.,
          Plaintiff,

vs.

T. WARREN ENTERPRISES, INC., et al.,

          Defendants.

Case No. 2:13-cv-00943-JCM-CWH

**ORDER**

       This matter is before the Court on Plaintiff's Motion to File Under Seal (#31), filed April 1, 2014. Plaintiff seeks an order granting it leave to file a previously executed settlement agreement reached between the parties in another case to support the motion for summary judgment currently pending in this case. Plaintiff argues that sealing the document is necessary in order preserve the confidentiality of the agreement.

       The Ninth Circuit has examined the presumption of public access to judicial files and records and determined that sealing documents or exhibits attached to dispositive motions requires compelling reasons. *E.g Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). In *Kamakana*, the court recognized that different interests are at stake in preserving the secrecy of materials produced during discovery and materials attached to dispositive motions. The court reiterated that a protective order issued under the Fed. R. Civ. P. 26(c) may be issued once a particularized showing of good cause exists for preserving the secrecy of discovery materials. 447 F.3d at 1180. However, the *Kamakana* decision held that a showing of "compelling reasons" is needed to support the secrecy of documents attached to dispositive motions. A showing of "good cause" does not, without more, satisfy the "compelling reasons" test required to maintain the secrecy of documents attached to dispositive motions. *Id.* The court found that:

> Different interests are at stake with the right of access than with Rule 26(c); with the former, the private interests of the litigants are

>not the only weights on the scale.  Unlike private materials unearthed during discovery, judicial records are public documents almost by definition, and the public is entitled to access by default. (Citation omitted).  This fact sharply tips the balance in favor of production when a document formally sealed for good cause under Rule 26(c) becomes part of the judicial record.  Thus, a "good cause" showing alone will not suffice to fulfill the "compelling reasons" standard that a party must meet to rebut the presumption of access to dispositive pleadings and attachments.

*Id.*

*Kamakana* recognized that "compelling reasons" sufficient to outweigh the public's interests in disclosure and justify sealing records exist when court records may be used to gratify private spite, permit public scandal, circulate libelous statements, or release trade secrets.  *Id.* at 1179 (internal quotations omitted).  However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*, *citing*, *Foltz*, 331 F.3d at 1136.  To justify sealing documents attached to dispositive motions, a party is required to present articulable facts identifying the interests favoring continuing secrecy *and* show that these specific interests overcome the presumption of public access by outweighing the public's interests in understanding the judicial process.  *Id.* at 1181 (internal citations and quotations omitted).

The sole reason presented for sealing is the need to preserve the confidentiality of the settlement agreement.  Generally, "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning" are insufficient to satisfy the burden.  *Phillips ex. rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002 ) (citation omitted).  The declaration that a settlement agreement must be sealed because the parties agreed to maintain confidentiality has been called by one court "woefully insufficient to meet the parties' burden." *Ambrosino v. Home Depot U.S.A., Inc.*, 2014 WL 931780 (S.D. Cal.) (denying without prejudice a motion to seal a settlement agreement in a FLSA case based solely on the parties agreement to keep the settlement confidential); *see also Gamble v. Arpaio*, 2013 WL 142260 (D. Ariz.) ("Because the parties' prior settlement agreement required them to maintain the confidentiality of the terms of their agreement is not a compelling reason to seal the settlement agreement upon the filing of a dispositive motion.").  The undersigned does not dispute that there may be circumstances that

support the sealing of a prior settlement agreement, but it is incumbent upon the party or parties seeking the sealing of a document to demonstrate compelling reasons sufficient to outweigh the public's interests in disclosure and justify sealing records.  That burden has not yet been met here.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to File Under Seal (#31) is **denied without prejudice**.

DATED: April 3, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

3