# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GNLV, CORP.,  )
            Plaintiff,  )  Case No. 2:13-cv-00943-JCM-CWH
              )  **ORDER**
vs.  )
              )
T. WARREN ENTERPRISES, INC., et al.,  )
            Defendants.  )
_____  )

       This matter is before the Court on Defendants' Motion to Stay (#28), filed March 26, 2014; Plaintiff's Response (#30), filed April 1, 2014; and Plaintiff's Supplemental Declaration (#32), filed April 3, 2014. Defendants did not file a reply.

       Claiming they are "under seige" from the government, Defendants request these proceedings be stayed pending resolution of a federal criminal case against them in the Northern District of Ohio. The stay is necessary, according to Defendants, because on or around May 20, 2013, the government executed multiple search warrants seizing, among other things, voluminous business, financial, bank, and tax records. Defendants also state that their bank accounts were frozen and a civil complaint in forfeiture was filed against them. As a result, Defendants assert that they cannot access necessary information and records in order to meaningfully participate in this litigation or respond to discovery requests. Thus, they ask that their failure to respond to discovery be excused and that the case be stayed until the criminal matter is resolved.

       Characterizing Defendants' motion as "an eleventh hour" delay tactic, Plaintiff opposes the stay arguing that it is unnecessary because (1) Plaintiff has all the evidence it needs to prevail on its claims and (2) there are no counterclaims which would require discovery.[1] Plaintiff also rejects the notion that access to the information seized is necessary to facilitate settlement because Plaintiff is

---

[1] Plaintiff also asserts that only if it fails on the pending motions for summary judgment would any sort of discovery be necessary on the "formulaic" affirmative defenses asserted by Defendants.

not inclined to entertain additional settlement discussions.  Finally, in a supplemental declaration, Plaintiff's counsel indicates that she and a colleague had a telephonic conference with the Department of Justice in Ohio and were informed that Defendants remain entitled to copies of the seized documents and information.  *See* Burrell Declaration. (#32).

## **DISCUSSION**

The Court has the inherent power to stay proceedings in order to "control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  The Ninth Circuit has held that "[t]he Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995).  "In the absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel [civil and criminal] proceedings are unobjectionable . . . ." *Id* (alterations in original).  Nevertheless, a court is within its discretion to order a stay in the civil proceedings where the interests of justice so require.  *Id*.  This determination is case-specific and "particular [to the] circumstances and competing interests involved in the case." *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989).  In addition to any Fifth Amendment concerns of a criminal defendant, the Court generally considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with the litigation or any particular aspect of it, and the potential prejudice from delay; (2) the burden any particular aspect of the litigation may impose upon the defendant; (3) the convenience of the court in managing its caseload and ensuring efficient use of judicial resources; (4) interests of persons not party to the civil litigation; and (5) the public interest in the pending civil and criminal litigation.  *See Keating*, 45 F.3d at 325.

Defendants have not shown that they would suffer substantial prejudice to their rights if both this case and the ongoing criminal case proceed simultaneously.  They have not made any claim or raised any concern that participation in this case would implicate their Fifth Amendment rights.  The singular reason offered in support of the requested stay is Defendants unsupported, conclusory claim that they have no access to information seized in the criminal case.  This position is not supported by the record in this matter, which was commenced in May 2013, just after the

seizure of Defendants documents and information by government officials.  Since its inception, Plaintiff has diligently pursued discovery and would suffer significant prejudice if the stay were approved at this late stage in the litigation.  Defendant has identified no burden other than the previously acknowledged burden of having to work with the government to access or copy seized records.  Indeed, on August 26, 2013, the Court approved the parties stipulated discovery plan and scheduling order, which specifically provided for an extended period of 271 days for discovery due to the need to secure or obtain seized information for use in this matter.  (#22).  That they would have to work with the government to access the records for use in this matter is not a surprise or an undue burden on Defendants.

Moreover, the efficient use of judicial resources and principles of case management do not support a stay.  Defendants have offered no timeline regarding when the pending criminal matter might be resolved.  At this stage in these proceedings, discovery having been completed and dispositive motions have been filed, there is no reason to stay the proceedings.  There is no indication that persons not party to this suit will be impacted if it proceeds, and the public interest weighs in favor of timely resolution of cases.  Finally, the unrebutted declaration of Plaintiff's counsel that the Department of Justice has taken the position that Defendant are entitled to copies of "any documents" held by the government in the criminal case highlights Defendants lack of diligence throughout discovery in this matter.  There is no basis for a stay.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendants' Motion to Stay (#28) is **denied**.

DATED: April 23, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**