1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

7

**DISTRICT OF NEVADA**

8

GNLV CORP.,

2:13-CV-943 JCM (CWH)

9

Plaintiff(s),

10

v.

11

T. WARREN ENTERPRISES, INC., et al.,

12

13

Defendant(s).

14

15

**ORDER**

16

Presently before the court are plaintiff's motions for summary judgment.  (Docs. # 29, 34).

17

Defendants have responded (docs. # 35, 37) and plaintiff has replied (doc. # 38).

18

This is an action for trademark infringement for the alleged use of the "Golden Nugget" and

19

related marks belonging to plaintiff at defendants' casino and gaming-related business in Canton,

20

Ohio.

21

In 2012, this plaintiff filed a prior lawsuit in this district alleging that defendants were

22

infringing on its registered marks.  *See GNLV Corp. v. Golden Nugget Arcade, Inc.*, case no. 2:12-

23

cv-1015-JCM-PAL (D. Nev. Nov. 8, 2012).  This court entered orders enjoining defendants' use of

24

the marks.  (*Id.*, docs. # 9, 15).  The parties executed a settlement agreement in December 2012, and

25

that action was voluntarily dismissed  (Doc. # 16).  The instant complaint alleges that defendants

26

have violated that settlement agreement.

27

In its motions for summary judgment, plaintiff relies on a newspaper article published in

28

**James C. Mahan**
**U.S. District Judge**

1   Canton that allegedly discusses defendants' establishment.  It is alleged that the article's photograph

2   depicts the doors to the establishment, which bear the words "The Nugget."  The body of the article

3   purportedly contains statements from several customers as well as the author referring to the

4   establishment as the "Golden Nugget."  The article and its photographs are hearsay and do not fall

5   within any exception to the rule.  Accordingly, they may not be considered by the court.  *See* Fed.

6   R. Evid. 802.

7         However, in its reply brief the plaintiff argues, for the first time, that the defendants did not

8   respond to various requests for admission.  Those requests, if deemed admitted, would tend to prove

9   that defendants have violated the previous settlement agreement and are liable in the instant action.

10   *See* Fed. R. Civ. P. 36(a)(3)(a matter is admitted if not responded to within 30 days).

11         Although new issues generally cannot be raised in a reply, *see e.g., Eberle v. City of Anaheim*,

12   901 F.2d 814, 817-18 (9th Cir. 1990), the court will permit supplemental briefing to address this

13   issue. *See Loane v. C.I.R.*, 09-cv-243, 2010 WL 2600689, at *3 (D. Nev. Mar. 11, 2010)(When a

14   movant raises arguments in its reply brief that were not raised in its initial motion, courts may permit

15   the other party to file a sur-reply to address the new arguments.).

16         The defendants are ordered to file a reply brief no longer than ten (10) pages focusing solely

17   on the requests for admission and their effect on the motions for summary judgment.  Plaintiff is

18   permitted to file a response of the same length within seven (7) days thereafter.  In the event

19   defendants do not comply with this order, the court will consider the issues raised for the first time

20   in plaintiff's reply and rule accordingly.

21         Accordingly,

22         IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants shall file a

23   supplemental reply focusing solely on the issue identified above within ten (10) days of the issuance

24   of this order. Plaintiff's response, if any, shall be due seven (7) days after that.

25         DATED July 9, 2014.

26

27   _____

28   **UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**